UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

TODD P. THIBODEAUX          CIVIL ACTION NO. 6:13-cv-2330
     LA. DOC # 112796
VS.                           SECTION P

                                JUDGE REBECCA F. DOHERTY

LAFAYETTE CITY POLICE
DEPARTMENT, ET AL.        MAGISTRATE JUDGE PATRICK J. HANNA

REPORT AND RECOMMENDATION

*Pro se* plaintiff Todd P. Thibodeaux, proceeding *in forma pauperis*, filed the instant civil

rights complaint pursuant to 42 U.S.C. §1983 on July 24, 2013. Plaintiff is an inmate in the

custody of Louisiana's Department of Corrections. He is incarcerated at the Louisiana State

Penitentiary, Angola.  He complains that the defendants' failure to formally charge and arrest

him has caused him to be ineligible for pre-conviction jail credits of approximately two years.

Plaintiff sued the Lafayette Police Department, Chief Jim Craft and Detective Kyle P. Manceaux.

He seeks declaratory judgments and compensatory and punitive damages for "excessive

confinement."  This matter has been referred to the undersigned for review, report, and

recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of

the Court. For the following reasons it is recommended that the complaint be **DISMISSED**

**WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be

granted.

### *Statement of the Case*

On July 23, 2006 plaintiff was arrested by the Carencro, Louisiana Police Department.

While in custody he confessed to crimes committed in both Carencro and Lafayette. The

Carencro Police booked plaintiff into the Lafayette Parish Correctional Center on their charges and plaintiff has remained in custody continuously since that date.  Following his arrest, Det. Manceaux of the Lafayette Police Department was made aware of the plaintiff's confession supporting the filing of additional charges in Lafayette, however, he did not seek to arrest or detain plaintiff and did not refer the charges to the District Attorney's Office until October 19, 2006.

Meanwhile, plaintiff remained incarcerated on the Carencro charges until July 24, 2008 when the District Attorney refused the Carencro charges and accepted instead the Lafayette charges. On August 28, 2008 Manceaux formally arrested and booked plaintiff on the Lafayette charges.

On August 16, 2010 plaintiff pled guilty to the Lafayette charges and was sentenced to serve 12 years. On October 9, 2012 plaintiff received a copy of his Department of Corrections rap sheet and discovered that due to Manceaux's "negligence" he was not eligible for credit for the approximately two years he served between the date of his arrest by the Carencro Police Department (July 23, 2006) and the date he was arrested and booked on the Lafayette charges (August 28, 2008). According to plaintiff, this has resulted in him having to serve an additional two years and violates his Constitutional rights to due process, equal protection, and freedom from cruel and unusual punishment as guaranteed by the Eighth and Fourteenth Amendments to the Constitution.

### Law and Analysis

### 1. Screening

When a prisoner or detainee is allowed to proceed *in forma pauperis* in a suit against an

2

officer or employee of a governmental entity pursuant to 42 U.S.C. §1983,  the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).   A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

However, in order to benefit from this assumption of truthfulness, a civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations.  *Ashcroft v. Iqbal,* 596 U.S. 662,  129 S.Ct. 1937, 1949,  173 L.Ed.2d 868 (2009); *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

Courts are not only vested with the authority to dismiss a claim based on an indisputably meritless legal theory, but are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neiztke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Plaintiff filed an original complaint outlining the broad contours of his claim. Further

3

amendment would serve no useful purpose.

*2. Defendants*

*a. Lafayette Police Department*

Plaintiff named the Lafayette Police Department as a defendant. Rule 17(b) of the Federal Rules of Civil Procedure provides that capacity to sue or be sued is determined "by the law of the state where the court is located ..." Fed.R.Civ.P. 17(b)(3). Under Louisiana law, an entity must qualify as a "juridical person" before it may be sued. *Hunt v. Town of New Llano*, 930 So.2d 251, 254, (La.App. 3d Cir.2006) (citations omitted). A "juridical person" is defined by the Louisiana Civil Code as "... an entity to which the law attributes personality, such as a corporation or partnership." La. Civ.Code Art. 24.  The Lafayette Police Department is not a juridical person capable of being sued. *Dugas v. City of Breaux Bridge Police Dep't*, 757 So.2d 741, 743–44 (La.App. 3d Cir.2000); *see also Evans v. City of Homer*, 2007 WL 2710792 (W.D.La.2007); *Martin v. Davis*, 2007 WL 763653 (E.D.La.2007) ("Under Louisiana law, police departments are not juridical entities capable of suing or being sued.").  Plaintiff's complaint against the Lafayette Police Department is frivolous and should be dismissed on that basis.

*b. Chief of Police Jim Craft*

Plaintiff also sued Jim Craft, Lafayette's Chief of Police, alleging only, "Immediately following the Carencro arrest, Defendant Kyle P. Manceaux under the supervision of defendant Jim Craft ... had additional charges based on plaintiff's confession..."  Other than this statement, the complaint alleges no fault on the part of Chief Craft. It appears that plaintiff seeks to hold Craft vicariously liable for the alleged constitutional torts of his subordinate, Detective Manceaux.  "Supervisory officials may be held liable only if: (i) they affirmatively participate in

acts that cause constitutional deprivations; and (ii) implement unconstitutional policies that causally result in plaintiff's injuries." *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir.1992), *cert. denied*, 508 U.S. 951, 113 S.Ct. 2443, 124 L.Ed.2d 660 (1993). "Vicarious liability does not apply to § 1983 claims." *Pierce v. Texas Dept. of Crim. Justice, Inst. Div.*, 37 F.3d 1146, 1150 (5th Cir.1994), *cert. denied*, 514 U.S. 1107, 115 S.Ct. 1957, 131 L.Ed.2d 849 (1995). "Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir.), *cert. denied*, 464 U.S. 897, 104 S.Ct. 248, 78 L.Ed.2d 236 (1983).  In other words, to the extent that plaintiff seeks to name a supervisory official, such as Chief Craft as a defendant, he must allege facts sufficient to demonstrate either personal involvement or the implementation of unconstitutional policies by that defendant. Plaintiff has alleged no facts to support a claim against Chief Craft and his complaint thus fails to state a claim for which relief may be granted.

### 3. Negligence

As to Detective Manceaux, plaintiff alleges that on August 28, 2008 the defendant "met plaintiff in the rear of court room and stated 'man <u>I forgot to arrest you </u>or issue a warrant...'" He further alleged, "At the time plaintiff was not aware of the Constitutional violations, nor of the [consequences] defendant['s] <u>negligence</u> would cause plaintiff at the time... <u>Based solely on</u> <u>defendant forgetting to arrest plaintiff for two years,</u> he is not entitled to the two years prior to arrest..."  Clearly, plaintiff faults Manceaux for his negligence and his forgetfulness. Negligence, however, is not actionable under Section 1983. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986) (holding negligence is not cognizable under § 1983); *Humphries v. Various Fed. USINS Employees*, 164 F.3d 936, 951 (5th Cir.1999) ("in order to prevail in any civil rights action,

[claimants] <u>must both prove a deliberate abuse of governmental power rather than mere negligence</u>, ...") (quoting *Schweiker v. Chilicky*, 487 U.S. 412, 447, 108 S.Ct. 2460, 101 L.Ed.2d 370 (1988)). Clearly then, as to defendant Manceaux, plaintiff likewise fails to state a claim for which relief may be granted pursuant to Section 1983.

### 4. *"Speedy Arrest"*

Finally, read broadly, it appears that plaintiff contends that he has a Constitutionally guaranteed right to a "speedy arrest" and that the defendants violated that right.  The jurisprudence does not define such a right. However, the Due Process Clause of the Fifth, and presumably the Fourteenth, Amendments provides a criminal defendant limited protection against unwarranted <u>pre-indictment delay</u>. *United States v. Lovasco*, 431 U.S. 783, 789, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977); *see also United States v. Marion*, 404 U.S. 307, 324, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971). In determining whether a pre-indictment delay violates due process, a court must decide whether the delay "violates those fundamental conceptions of justice which lie at the base of our civil and political institutions ... and which define the community's sense of fair play and decency." *Lovasco*, 431 U.S. at 790 (internal quotations omitted).

Furthermore, in order for a pre-indictment delay to violate the due process clause it must not only cause the accused substantial, actual prejudice, <u>but the delay must also have been intentionally undertaken by the government for the purpose of gaining some tactical advantage over the accused in the contemplated prosecution, or for some other impermissible, bad faith purpose</u>. *United States v. Crouch*, 84 F.3d 1497, 1514 (5th Cir.1996) (*en banc*) (Emphasis supplied). Here, as noted above, plaintiff admits that the delay complained of was caused by the defendants' negligence and not intentionally undertaken by the government.

Further, the prejudice complained of herein is not of the type and nature defined by the jurisprudence.  Indeed, the  "prejudice" referred to in this context generally refers to such things as lost witnesses, faded memories or misplaced documents. In other words, a person claiming prejudice resulting from an unwarranted pre-indictment delay must show an actual loss of specific evidence that would have aided his defense. *United States v. Gulley*, 526 F.3d 809, 820 (5th Cir.2008) (citing *Crouch*, 84 F.3d at 1515).  Here, the alleged delay did not prejudice plaintiff with regard to the defense of his prosecution. Indeed, he pled guilty to the Lafayette charges and it does not appear that he has ever attacked his conviction either directly or collaterally. In short, plaintiff's claim that his Constitutional rights were violated by virtue of the defendant's tardy arrest fails to state a claim for which relief may be granted.

### *Recommendation*

**IT IS RECOMMENDED** that plaintiff's civil rights complaint (42 U.S.C. §1983) be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted pursuant to the provisions of  28 U.S.C.§ 1915.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by**

**Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.**

***See, Douglass v. United Services Automobile Association***, 79 F.3d 1415 (5th Cir.  1996).

In Chambers at Lafayette, Louisiana, September 25, 2013.

_____

**PATRICK J. HANNA**
**UNITED STATES MAGISTRATE JUDGE**

8